1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BENNIE L. FINLEY,                          )   Case No. CV 05-5768 AN
                                           )
         Plaintiff,                        )   MEMORANDUM AND ORDER
                                           )
    v.                                     )
                                           )
JO ANNE B. BARNHART,                       )
COMMISSIONER OF THE SOCIAL                 )
SECURITY ADMINISTRATION,                   )
                                           )
         Defendant.                        )
_____)

**I.  INTRODUCTION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act").  Both parties have consented to proceed before the undersigned Magistrate Judge.  In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").  For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

The relevant background facts are familiar to both parties and Plaintiff has

1    stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and
2    accurately summarizes the hearing testimony and medical evidence in the record except
3    as noted in his contentions.

4        Plaintiff asserts the ALJ erred by failing to properly develop the record. The Court
5    agrees with Plaintiff.

6        Although a claimant bears the burden of proving disability, the ALJ in a Social
7    Security case has an independent "'special duty to fully and fairly develop the record and
8    to assure that the claimant's interests are considered.'" *Smolen v. Chater,* 80 F.3d 1273,
9    1288 (9th Cir. 1996) (quoting *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983)). This
10   duty extends to the represented as well as to the unrepresented claimant. *Id.* The duty
11   to develop the record is such that the ALJ may not decide an issue against the claimant
12   based on the absence of evidence in the record. *Armstrong v. Commissioner of Social*
13   *Security*, 160 F.3d 587, 589-90 (9th Cir. 1998). A consultative examination is "normally
14   require[d]" where the evidence in the record is "not sufficient to support a decision." 20
15   C.F.R. § 416.919a(b)(1)(additional evidence needed is not contained in the claimant's
16   medical record), (4)("[a] conflict, inconsistency, ambiguity or insufficiency in the
17   evidence must be resolved"); *see also* 20 C.F.R. § 416.912(f)(stating that when evidence
18   needed to make disability determination "is not readily available from the records of your
19   medical treatment source, or we are unable to seek clarification from your medical
20   source, we will ask you to attend one or more consultative examinations at our expense").

21       At his administrative hearing in April 2005, Plaintiff raised the issue of whether
22   the medical record had been fully developed. Although Plaintiff had undergone internal
23   medicine and psychiatric consultative examinations in September 2000 and a pulmonary
24   function test in October 2000, Plaintiff requested that the ALJ order updated consultative
25   examinations and a new pulmonary function test. [AR at 367-68.] Plaintiff asserted that
26   the previous internal medicine evaluation was of questionable validity because it did not
27   reflect the results of the October 2000 pulmonary function test. [AR at 166-70, 367-68.]
28   The pulmonary function test indicated that he suffered from a moderate obstructive

1   airway problem.  [AR at 367.]  Plaintiff also claimed that an updated consultative

2   psychological examination was warranted because the September 2000 evaluation did not

3   reflect findings made by his treating mental health sources since May 2001.  [AR at 367-

4   68.]  The ALJ agreed that updated internal medicine and psychological consultative

5   examinations would help in evaluating Plaintiff's claim for benefits.  [AR at 408.][1/]

6   Nonetheless, the ALJ proceeded to issue his decision to denying benefits without

7   ordering any further testing or examinations.  The ALJ's decision to proceed in such a

8   manner does not appear to be based on a determination that the evidence already in the

9   record was sufficient.

10      Medical records from Plaintiff's treating sources that post-date the original

11   consultative examinations support his claim that his impairments had not been

12   sufficiently investigated.  For example, in September 2000, the consultative psychiatrist

13   reported that Plaintiff was only "mildly" impaired in the ability to accept supervision,

14   interact with the public and co-workers, remember, concentrate and attend to simple

15   tasks, and adapt to changes in scheduling, and "mildly to moderately" impaired in the

16   ability to remember and concentrate and to attend to more complex tasks.  [AR at 164.]

17   But Plaintiff's more recent mental health records reveal that he suffered from audio

18   hallucinations, had been diagnosed with major depressive disorder with psychotic

19   features, and had been prescribed anti-depressant and anti-psychotic medications.  [AR

20   at 211-16, 226, 296-98, 304-05.]   The ALJ discounted Plaintiff's mental impairment for

---

[1/]   Plaintiff's argument is centered on the following colloquy between the ALJ and counsel:

> ALJ:  I would like to send the claimant out --
> Atty:  Okay.
> ALJ:  -- for another internal exam and psychological exam.  I would also like to -- I would also like to get the missing treating records.
> ALJ:  I will, Your Honor.  Psychological not psychiatric, correct?  I think --
> ALJ:  Psychological.  No.  I want him to have psychological testing.
> Atty:  great.
> ALJ:  I think that would be more helpful.
> Atty:  An then with the internal [inaudible] PFT, pulmonary function test done --
> ALJ:  Yeah.
> Atty:  - - to see if he has worsened or not.

[AR at 408.]

Page 3

1   failing to comply with treatment recommendations and scheduled appointments.  [AR at
2   250, 252].  This was not a proper basis for denying Plaintiff's mental impairment claim
3   given that "it is a questionable practice to chastise one with a mental impairment for the
4   exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462,
5   1465 (9th Cir. 1996).  The record also contained evidence that showed Plaintiff's lung
6   function may have deteriorated since his September 2000 internal medicine evaluation.
7   [AR at 166-69.]  A chest x-ray from November 2004 revealed mild hyperinflation of the
8   lungs, suggestive of possible chronic obstructive pulmonary disease.  [AR at 336.]
9   Plaintiff's radiologist recommended that Plaintiff undergo further clinical evaluation.
10  [*Id*.]  In light of the radiologist's recommendation and aforementioned medical records
11  concerning Plaintiff's mental impairment, the Court finds that additional information is
12  needed to adequately evaluate Plaintiff's claim of disability.  *Smolen,* 80 F.3d at 1288.

## II. CONCLUSION

15          For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's
16  claims for benefits is not free of legal error and supported by substantial evidence.
17  Accordingly, Plaintiff's request for an order remanding this case for further proceedings
18  pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's
19  request for an order affirming the Commissioner's final decision and dismissing the
20  action is DENIED.  The clerk shall enter judgment, close the file and terminate all
21  pending motions.

23  DATED:      October 31, 2006          /s/ Arthur Nakazato
                                          ARTHUR NAKAZATO
24                                        UNITED STATES MAGISTRATE JUDGE